UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAUREN ABADIE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-14112** |
| **TARGET CORPORATION OF MINNESOTA** | **SECTION: "R" (4)** |

REPORT AND RECOMMENDATION

Before the Court is a **Motion to Set Deposition Fee of Target Corporation of Minnesota's Medical Costs Analysis and Expert (R. Doc. 40)** filed by Defendant, Target Corporation of Minnesota, a/k/a/ Target Corporation, a Minnesota Corporation, qualified to do business in Louisiana as Target Corporation of Minnesota seeking an order setting the deposition fee of its medical costs analysis expert, John Kocke. The motion is opposed. R. Doc. 45. This motion was set for submission on December 30, 2020 and was heard on the briefs. The District Judge in this case referred the matter to the undersigned United States Magistrate Judge for determination. R. Doc. 41.

I.   **Factual Background**

Lauren Abadie was a customer at a Target store located at 1727 Martin Luther King Blvd., Houma, Louisiana when she slipped and fell in the frozen food section near the pharmacy. R. Doc. 1. As a result of the incident, Mrs. Abadie filed suit against Target seeking relief for the injuries she sustained. *Id.* Her husband Brett also is a claimant and alleges loss of consortium as a result of the loss of her love and affection. *Id.* According to Abadie, an investigation by Target confirmed the presence of the melted ice cream along the frozen food aisle and that two Target employees had walked along the aisle but failed to detect the melted ice cream on the floor. R. Doc. 45, p. 1.

After the incident, Ms. Abadie submitted to surgery on her knee but continues to complain of pain, swelling, and loss of motion from her injuries. Consequently, her treating physician recommended future treatment to consist of injections and possible knee replacement.

Target retained John Kocke to offer opinions about the fees charged by Dr. Casey for his treatment of Mrs. Abadie and the claims for future medical expenses of $177,785.39 for knee replacement surgery. According to Mr. Kocke's "Litigation Assistance Billing Rates", he charges $175.00 per hour for his work in litigation cases; however, for depositions, Mr. Kocke charges a flat fee for $1,200.00 for the first hour of the deposition for "preparation and travel", and $175.00 per hour for every hour thereafter.

Plaintiffs' counsel requested the deposition of Mr. Kocke and after agreeing to a date, he was reminded about Mr. Kocke's deposition fee of $1,200.00 which included preparation, travel, and one hour of deposition time. On November 1, 2020, Plaintiffs objected to the fee, stating they would pay an hourly rate for two hours, or $350.00, as the deposition was to be held by Zoom and did not require travel.

A deposition date was agreed upon and in connection with the deposition notice, Mr. Kocke was issued a subpoena for attendance and production of the following items:

   a. Copies of all drafts of reports

   b. All communications related to your report including correspondence, emails, text messages, memorandum and the like

   c. All documents exhibits or other items of tangible evidence reviewed by you in preparation of your report.

   d. All documents, exhibits or other items of tangible evidence relied by you in preparation of your report

   e.  All journals, treatises, journals, or other literature relied upon you or which you contend supports

    f.  Copies of all reports of a similar nature rendered by you with all patient information Redacted.

    g.  Any evidence which your knowledge establishes that the rates charged by ??? for the surgical procedures recommend by Dr. Brett Casey for Lauren Abadie in this care are not reasonable and customary in the Houma community.

On November 20, 2020, Mr. Kocke emailed a letter to Plaintiffs outlining his fee, its comparison to other similar expert fees, and he agreed to a reduction of $800.00 for the deposition. *See* R. Doc. 40-8. Plaintiffs' responded by email and letter on November 30, 2020 confirming they would only agree to payment of $350.00 for two hours of deposition time. *See* R. Doc. 40-9. The date of the deposition was changed to January 11, 2021 and remains pending subject to this Court's recommendation.

    **II.**    <u>**Standard of Review**</u>

Rule 26(b)(4) states that a party may depose any person who has been identified as an expert whose opinions may be presented at trial. See Rule 26(b)(4)(E) states that Unless manifest injustice would result, the court must require that the party seeking discovery (1) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and (ii) for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

"A guiding principle is that the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert." *In re American Medical Systems, Inc. Pelvic Repair Systems Products Liability Litigation*, 2017 WL 1090029, at *2 (S.D.W. Va. March 21, 2017) (quoting *Maxwell v. Stryker Corp.*, 2012 WL 2319092, at *2 (D. Colo. June 19, 2012)). Fed. R. Civ. P. 26(b)(4)(C). In determining whether an expert fee is "reasonable," courts are guided by the following factors: "(1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other

comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Adams v. Memorial Sloan Kettering Cancer Center*, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002) (quoting *Coleman v. Dydula*, 190 F.R.D. 320, 324 (W.D.N.Y. 1999)).

### III. Analysis

Target submits that Mr. Kocke's original fee of $1,200.00 was reasonable and his agreement to reduce that fee to $800.00 for the first hour of his deposition was more than reasonable. His area of expertise, education, and training, according to Target, is specifically identified in his resume. Target points out that Mr. Kocke was also able to provide a prevailing rate for a similar expert whose deposition fee equaled Mr. Kocke's first proposed fee and is now a 1/3 higher given Mr. Kocke's agreement to reduce his fee.

Target contends that Plaintiffs will presumably inquire as to how Mr. Kocke developed his opinion, the resources he used, and how his education and training allows him to reach and render such opinions. R. Doc. 40-2, p. 4. Target further argues that the usual and customary charges for medical services is by its nature complex to access and determine. *Id.* Target further points out that Ms. Abadie has submitted a request for documents for production at the deposition that will require additional time and effort on Mr. Kocke's behalf. R. Doc. 40-2, p. 5.

Abadie opposes the motion and points out that she believes that Mr Kocke's fee is not reasonable. R. Doc. 45. Counsel for Mrs. Abadie agreed to pay Mr. Kocke for an hour of his time to review his report (ten pages) and for his usually hourly rate for every hour of his testimony. R. Doc. 45, p. 2. Abadie argues that while paying an expert for his actual hours involved in the

deposition is reasonable, paying for time not actually incurred, is unreasonable; thus, the motion should be denied, and Mr. Kocke should only be allowed to bill for his actual time at the rate of $175.00 per hour. *Id.*

In *Borel v. Chevron U.S.A. Inc.*, 265 F.R.D. 275, 276 (E.D. La. 2010), the Court noted that it ultimately in the court's discretion to set an expert fee in an amount that it deems reasonable. *Id.* (quoting *Fisher-Price, Inc. v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D. Del. 2003)). For example, in *Borel*, the Court reduced the fee of plaintiff's expert safety witness in a personal injury case from $500.00 per hour to $210.00 per hour where the expert had forty (40) years of experience in the oilfield safety industry and no college education, others in the field charged $230.00 per hour to $325.00 per hour for depositions, and other courts had severely limited and even excluded his testimony. *Id.* at 276-77.

The parties have not cited any cases within this district addressing the fee of a medical cost analysis expert under Rule 26(b)(4)(A), and the Court has not found any.

By affidavit, Kocke attests that he has an in state rate of $175.00 per hour which is on the lower scale for someone with his expertise. *See* R. Doc. 40-3. The rate demanded of $800.00 accounts for 3.5 hours of preparation and one (1) hour of testimony. Since Plaintiff's counsel only agreed to pay for two hours, or $350.00 total, which only accounts for actual time testifying, the question before the Court is who should be responsible for paying for the expert's preparation time.

While courts are split on which party should pay for the expert's time preparing for the deposition, in *Borel,* the Court found that the expert was to be paid for 1.5 hours of deposition preparation time. In this case, the Plaintiffs have noticed seven (7) topics of inquiry, which may be voluminous as the topics are not limited in scope. Further, there is no dispute about the reasonableness of the actual rate charge. Given the categories of information sought in addition to

the time needed to refresh his recollection, it is this Court's opinion that 3.5 hours of preparation time is reasonable. Therefore, the proposed fee of $800.00, which includes preparation, subpoena compliance time, and one hour of deposition is reasonable and shall be required in advance of the deposition. The parties agree that the rate of $175.00 per hour is reasonable for the second hour of the deposition.

## IV. RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Set Deposition Fee of Target Corporation of Minnesota's Medical Costs Analysis Expert (R. Doc. 40)** be **GRANTED**. The rate of $800.00 is required advance payment is reasonable as explained above. Further, the rate of $175.00 for the second hour is reasonable.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of February 2021.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**